IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARDSON DANGLEBEN JR.,<br>Defendant. | 23-mj-44 |

### MOTION FOR DETENTION

The United States of America, by and through Delia L. Smith, United States Attorney for the District of the Virgin Islands, and Assistant United States Attorneys Michael J. Conley and Kyle Payne, respectfully moves this Court, pursuant to 18 U.S.C. §§ 3142(a)(4) and 3142(e), for an order directing that the defendant be detained pending trial. The United States makes this motion under 18 U.S.C. §§ 3142(f)(1)(A) (crime of violence); 3142(f)(1)(B) (offense for which the maximum sentence is life imprisonment); and 3142(f)(1)(E) (felony that involves the possession or use of a firearm). The risk of danger that this defendant poses to our community if released is impossible to overstate and equally impossible to overlook.

### FACTUAL BACKGROUND

On Tuesday, July 4, 2023, at approximately 7:54 a.m., on St. Thomas, 9-1-1 Emergency Call Center (ECC) received a call from a concerned citizen who reported that there was a shirtless, African American male in the Hospital Ground neighborhood who was wearing a bulletproof vest and appeared to have a gun in his back pocket. Minutes later, at approximately 7:56 a.m., Virgin Islands Police Officer Shahim Skeete (Officer Skeete) was dispatched to Hospital Ground to conduct a check of the area. Virgin Island

1

Police Officer Anisha Smith (Officer Smith) and Virgin Islands Police Detective Delberth Phipps, Jr. (Det. Phipps) also relayed to the ECC that they would travel to Hospital Ground to assist.

When Officer Skeete arrived in the Hospital Ground area he observed a male later identified as Richardson Dangleben Jr. (hereinafter defendant) the defendant. The defendant was shirtless and wearing a bulletproof vest. Officer Skeete approached the defendant and asked whether he had any weapons. The defendant responded, "No, no, listen, I good," got into a green Suzuki SUV and drove away at a high rate of speed. Officer Skeete returned to his marked patrol car, activated his emergency lights and sirens, and followed defendant through "Jah Yard."

As this was happening, Detective Phipps drove into "Jah Yard" from the other direction. Skeete rounded a corner and saw the defendant standing outside the Suzuki he was driving, holding what appeared to be a black assault rifle. Skeete saw Det. Phipps facing the defendant holding his police issued rifle. Both men were exchanging gunfire. Skeete exited his patrol car, and fired his police issued firearm at the defendant. The defendant then turned and shot at Skeete. The defendant then returned to his car as if reloading, but then moved away from the car and laid on the ground. He was detained and taken to the hospital for gunshots wounds sustained during the shootout.

Det. Phipps' car was an unmarked police car that still had its blue lights flashing. During the shootout, Det. Phipps sustained one single gunshot wound to his left abdominal area, which resulted in his death.

Officers recovered two firearms from Defendant's car; a loaded .223 caliber rifle with no visible serial number, and a .45 caliber handgun with a serial number that had been scratched out and no longer decipherable loaded with six rounds. Also in the car,

2

officers found two high capacity magazines capable of holding 45 rounds of .223 ammunition, seven boxes of .223 ammunition totaling 120 rounds, and another .45 caliber magazine with an additional four rounds.

The defendant had previously been arrested on February 24, 2023, and charged in territorial court with, among other charges, murder in the first degree and using a firearm during the commission of a crime of violence. ST-2023-CR-00077.  Defendant was released on bail.  His release conditions included a directive that he not possess any firearms or ammunition or any dangerous weapon.

**ARGUMENT**

In making a detention determination, the Court must consider, among other things, the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger posed to the community by the defendant's release. 18 U.S.C. § 3142(g). The government respectfully submits that all factors weigh heavily in favor of detaining the defendant.

1. Nature and Circumstances of the Offense

Defendant stands accused of gunning down Det. Phipps while Det. Phipps was in the performance of his duties.  What makes this brutally egregious and heinous crime even more shocking is that it was committed while the defendant was on bail facing separate murder charges in territorial court.  What is more, not only did the defendant murder an officer while on bail facing murder charges, he attempted to murder a second officer while on bail as he also fired several rounds at Officer Skeete.  Neither the .223 assault rifle wielded by the defendant, nor the .45 caliber handgun recovered from his

3

car contained serial numbers.  With over 120 rounds available to him, the defendant had one intention — endangering and killing members of this community.

2. <u>Weight of the Evidence</u>

The weight of the evidence against this defendant is overwhelming and makes the Great Pyramid of Giza's weight appear to be a two-level house of cards by comparison. Officer Skeete, while being fired upon, watched as the defendant gunned down Det. Phipps.

3. <u>History and Characteristics of the Defendant</u>

As noted above, this is not the defendant's first foray into the criminal justice system.  Nor is it his first time facing murder charges.  Defendant was charged in territorial court with first degree murder and was released on bail in that case when he murdered Det. Phipps.  The defendant was shown extraordinary leniency once; he is not deserving of another chance.

4. <u>Danger Posed to the Community by the Defendant's Release</u>

Not a single member of our community is safe with this defendant on the street. Our community has tragically learned the hard way that Court orders are completely meaningless and completely ineffectual when it comes to curbing this defendant's violent and murderous behavior.  The only way to guarantee the safety of our community is to lock this man behind metal bars while pending trial.

**CONCLUSION**

When the defendant is released, no one in our community is safe. Accordingly, the United States respectfully submits that this Court should order the defendant detained pending trial.

                                                    Respectfully submitted,

                                                    DELIA SMITH
                                                    UNITED STATES ATTORNEY

Dated: July 10, 2023                       By:      *s/Michael J. Conley*
                                                             Michael J. Conley
                                                             Assistant United States Attorney
                                                             Michael.Conley@usdoj.gov

                                                             *s/Kyle Payne*
                                                             Assistant United States Attorney
                                                             Kyle.Payne@usdoj.gov