# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0072 |
| ) | |
| **RICHARDSON DANGLEBEN, JR.,** ) | |
| ) | |
| **Defendant.** | |

## ORDER

**BEFORE THE COURT** is Defendant Richardson Dangleben Jr.'s ("Dangleben") motion filed on November 7, 2023, to designate this case as complex pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), requesting that "reasonable motions – and trial-related deadlines be established outside of the time frame established in the Speedy Trial Act." (ECF No. 30.) The United States ("Government") filed a notice of no opposition on November 8, 2023. (ECF No. 32.) Also before the Court is the Government's Motion for Extension of Discovery Deadline and Exclusion of Time under the Speedy Trial Act. (ECF No. 28)[1]

On July 7, 2023, the Government filed a Complaint charging Dangleben with First Degree Murder of a Virgin Islands Police Officer while Engaged in the Performance of his Official Duties, in violation of 14 V.I.C. §§ 921 and 922(a)(3)(A)(i), and Possession of a Firearm with a Removed, Obliterated or Altered Serial Number, in violation of 18 U.S.C. § 922(k). On October 13, 2023, a grand jury returned a 13-count Indictment against Dangleben. He was arraigned on October 25, 2023.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment or filing of an information. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants the continuance "on the basis of his

---

[1] The Government contends that firearm and ballistic, DNA and fingerprints laboratory examinations remain pending, and the expected completion date is late December or early January. As outstanding discovery has potential to exculpate or inculpate Defendant, the Government argues that granting the motion will prevent a possible miscarriage of justice.

findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" 18 U.S.C.A. § 3161(h)(7)(A). Among the factors that courts consider in determining whether to grant a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C.A. § 3161 (h)(7)(B)(ii).

Dangleben is charged with the following offenses carrying various penalties: Use of a Firearm During a Crime of Violence Resulting in Death, 18 U.S.C. §924(j)(1), (death or term of years up to life); two counts of Discharge of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §924(c)(1)(a), (ten years to life); Possession of Firearms in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §924(c)(1)(a), (ten years to life); Possession of a Firearm With an Obliterated Serial Number, 18 U.S.C. §922(k), (up to ten years); Receipt of a Firearm While Under Indictment for a Crime Punishable by More than One Year Imprisonment, 18 U.S.C. §922(n), (up to ten years), First Degree Murder, 14 V.I.C. §§921 and 922(a)(3), (life); two counts of First Degree Assault, 14 V.I.C. §295(1), (up to 15 years); two counts of Third Degree Assault, 14 V.I.C. §297(a)(2), (up to 5 years); Attempted First Degree Murder, 14 V.I.C. §§921, 922(a)(3) and 331(1), (up to 25 years); and Wearing Body Armor During the Commission of a Violent Crime, 14 V.I.C. §2258a(a), (up to five years). Dangleben contends that outstanding discovery includes firearms, ballistic, DNA, and fingerprint laboratory reports and is expected to be voluminous. Since Dangleben is detained, reviewing discovery is more time-consuming and cumbersome than would otherwise be, especially reviewing the video and audio evidence, which requires additional time expenditure. Dangleben's counsel has identified numerous issues which will require expert consultation and considerable motion practice will be necessary. Moreover, considerable investigation remains to be done and discovery indicates that a far greater number of witnesses will need to be interviewed than is typical, which may lead to identification of other witnesses and areas for investigation.

*United States v. Dangleben*
Case No. 3:23-cr-0072
Order
Page **3** of **4**

The Court finds that, due to the nature of the charges, the potential penalties the defendant is facing, the voluminous discovery – some of which is outstanding – the difficulties in ensuring Dangleben's review of discovery, the need for thorough investigation and expert consultation, and additional time to engage in motion practice, this matter should be designated as a complex case. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing this trial outweigh the interest of the public and the Defendant in a speedy trial. Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Motion to Designate Case as Complex—Unopposed, ECF No. 30, is **GRANTED**; it is further

**ORDERED** that this matter is designated as complex case, and an "ends of justice" continuance is warranted; it is further

**ORDERED** that the Government's Motion for Extension of Discovery Deadline and Exclusion of Time Under the Speedy Trial Act, ECF No. 28, is **GRANTED;** it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 28, 2024, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that discovery is due no later than **January 12, 2024;** it is further

**ORDERED** that a telephonic status conference in this matter SHALL commence promptly at 11:00 A.M. on **February 20, 2024.** Call-in information will be provided to the parties by the Court. The public may access the audio of the proceeding by calling 1-888-251-2909 and entering access code 5157509#; it is further

**ORDERED** that expert disclosures are due no later than **June 3, 2024;** it is further

**ORDERED** that the deadline to file any motions is **June 29, 2024;** it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than October 18, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. Dangleben*
Case No. 3:23-cr-0072
Order
Page **4** of **4**

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than **October 23, 2024**;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for December 11, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on **October 28, 2024,** in St. Thomas Courtroom 1.

**Dated:** November 22, 2023               /s/ *Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.