# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0072 |
| ) | |
| RICHARDSON DANGLEBEN, JR., ) | |
| ) | |
| Defendant. | |

## ORDER

**BEFORE THE COURT** is the Government's Motion for Extension to File Notice for Special Hearing to Determine Whether a Sentence of Death is Justified. (ECF No. 40.) Defendant opposed the motion (ECF No. 43) and the Government replied (ECF No. 45).

### I.

On July 7, 2023, the Government filed a Complaint charging Defendant with violations of 14 V.I.C. §§ 921 and 922(a)(3)(A)(i) (First Degree Murder of a Virgin Islands Police Officer while Engaged in the Performance of his Official Duties) and 18 U.S.C. § 922(k) (Possession of a Firearm with a Removed, Obliterated or Altered Serial Number). (ECF No. 1.) On October 13, 2023, a grand jury Indictment charged Defendant with 13 counts, including Count One, a violation of 18 U.S.C. § 924(j)(1)[1] (Use of a Firearm During a Crime of Violence Resulting in Death), eligible for a death penalty. (ECF No. 24.) On October 25, 2023, Defendant was arraigned, and a scheduling order was issued directing, *inter alia*, that discovery be completed by November 1, 2023, any motions be filed by November 13, 2023, and trial to commence on December 11, 2023. (ECF No. 27.) On November 1, 2023, the last date for discovery, the Government made an unopposed motion for an extension of discovery deadline, asserting that the Federal Bureau of Investigation, which is performing expedited

---

[1] "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall--(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section." 18 U.S.C. § 924 (j)(1).

laboratory examinations expected the completion date in "late December/early January." (ECF No. 28.) On November 7, 2023, Defendant filed a Motion to Designate Case as Complex—Unopposed. (ECF No. 30.)

On November 8, 2023, the Court conducted a telephonic status conference. The Court inquired of the Government's counsel: (i) whether the Government decided to seek death penalty; (ii) about a protocol governing capital cases; and (iii) the timeframe for a notice of intent to seek the death penalty pursuant to 18 U.S.C. § 3593. Counsel for the Government represented to the Court that his office has not yet received a final word from Washington but that he will have an answer long before the expiration of the 60-day extended discovery deadline that the Government requested, without any objection by Defendant. Counsel stated that the Government does not oppose the motion to designate the case as complex. The possible trial date was discussed, and the Court directed the parties to meet and confer regarding the discovery deadline and the trial date and file a joint notice by November 15, 2023. Defense counsel then requested that the Government be directed to file its notice 18 U.S.C. § 3593 within 60 days and counsel for the Government joined in that request, stating that 60 days was reasonable to file a notice. The Court directed the Government to file any notice pursuant to 18 U.S.C. § 3593 no later than January 12, 2024. (ECF No. 35.) On November 22, 2024, the Court granted the Defendant's motion to designate the case as complex, finding that continuance is warranted pursuant to 18 U.S.C. § 3161(h)(7)(A) and setting January 12, 2024, as the discovery deadline and October 28, 2024, as the trial date. (ECF No. 38.) On January 12, 2024, the Court-ordered date for a notice pursuant to 18 U.S.C. § 3593, the Government filed the instant motion, seeking an extension of time from January 12 to February 12, 2024, to file a notice under section 3593.

**II.**

Counsel for the Government asserts that his "unfamiliarity with the Capital Case review process led the undersigned to believe that this issue could be addressed more expeditiously. As a result, the undersigned did not take the necessary steps to obtain a final determination from the Attorney General's Review Committee on Capital Cases by today's date." (ECF No. 40 at 1.)

Defendant contends that the lack of counsel's familiarity with the capital case review process or negligence does not establish good cause for an extension of time. The Government had over six months since the Defendant's initial appearance, which is a reasonable time to seek the death penalty, including more than three months since the Indictment was returned. According to Defendant, the Government provided no evidence that a decision concerning a death penalty cannot be made in six months. A decision to seek the death penalty would completely change the posture of the case, requiring: (i) the appointment of learned counsel pursuant to 18 U.S.C. § 3005; (ii) that the investigation and preparation of mitigating evidence for a potential penalty phase proceed simultaneously with investigation and preparation for the guilt phase based on accepted capital case representation standards, including the procurement of additional experts for mitigation purposes; and (iii) Defendant's counsel to reassign virtually all other cases on his docket and focus almost exclusively on this case. Defendant contends that the Government's failure to meet the January 12, 2024 deadline for a notice pursuant to section 3593 is like deadlines for discovery or providing expert notices under Rule 16, or a notice of certain defenses under Rules 12.1, 12.2, or 12.3 of the Federal Rules of Criminal Procedure, and when those deadlines pass, the opportunity to provide a notice "simply dissipates." (ECF No. 43 at 3.)

In reply, the Government asserts that the statutory "reasonable time before trial" for the notice focuses on the time between the filing of notice and trial, not between the filing of indictment and the filing of any notice. The Government concedes that the decision to seek the death penalty would completely change the posture of the case but contends that the complex case designation and the trial date of October 28, 2024, leave ample time for defense counsel to address any issues that arise in this case.

### III.

The Federal Death Penalty Act provides for a special hearing to determine whether a sentence of death is justified and requires the following:

> (a) Notice by the government.--If, in a case involving an offense described in section 3591, the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by

> the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice--
> (1) stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and
> (2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.
>
> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information. The court may permit the attorney for the government to amend the notice upon a showing of good cause.

18 U.S.C. § 3593(a). "As a prophylactic statute, one of the chief aims of which is to protect the accused from having to endure a trial for his life for which he was not on reasonable notice, the statute must be interpreted to require an inquiry into the objective reasonableness of the time between issuance of the Death Notice and the trial itself, in light of the particulars of the charged offense and the anticipated nature of the defense." *United States v. Ferebe*, 332 F.3d 722, 727 (4th Cir. 2003); *United States v. Ponder*, 347 F. Supp. 2d 256, 271 (E.D. Va. 2004) ("If the death penalty is to be sought, the sooner everyone knows, the better. That is the policy underlying § 3593."). In determining what is "a reasonable time before trial," courts consider the particular circumstances of each case. *See United States v. Wilk*, 366 F. Supp. 2d 1178, 1186 (S.D. Fla. 2005) (finding, in a case involving a court-ordered deadline for a notice, that "two months, let alone six months, would be sufficient time to prepare a defense" in light of the nature of the charges and the lack of intentional delay by the Government). Courts consider various factors when determining reasonable timeliness, including: (1) the nature of the charges; (2) the nature of the aggravating factors; (3) the period of time remaining before trial; and (4) the status of discovery. *Ferebe*, 332 F.3d at 737.

At the November 8, 2023 conference the Government's counsel did not give the Court any indication of his lack of familiarity with the capital case protocol, despite the Court's inquiry about the protocol, which he failed to answer. The Government's counsel also did not

seek additional time to familiarize himself with the capital case protocol before joining the Defendant's request for setting January 12, 2024 as the deadline for a notice filing asserting the time was reasonable. The Court is gravely concerned about counsel's lack of familiarity with the capital case protocol, as well as his lack of candor concerning it, and does not condone counsel's conduct. Despite counsel's failure to object and his acquiescence to the January 12, 2024 notice deadline, which "had the practical effect of ratifying the reasonableness of the deadline imposed," *United States v. Ponder*, 347 F. Supp. 2d 256, 270 (E.D. Va. 2004), the Court is mindful of the circumstances of this case designated as complex, including the extremely serious charges against Defendant, the discovery deadline of January 12, 2024, the October 28, 2024 trial date, and the complex nature of the Justice Department protocol, set out in Section 9-10.010 *et seq*. of the United States Attorney's Manual, providing the procedure designed to promote consistency and fairness. Although Defendant in essence argues that the Government's failure to meet the Court-ordered deadline for the notice constitutes a waiver, he makes no citation to any authority in support. In light of the circumstances of this case, the Court finds that an extension of deadline, from January 12, 2024 to February 12, 2024,[2] to file any notice pursuant to 18 U.S.C. § 3593(a) is warranted. Accordingly, it is hereby

**ORDERED** that the Government's Motion for Extension to File Notice for Special Hearing to Determine Whether a Sentence of Death is Justified, ECF No. 40, is **GRANTED**; it is further

**ORDERED** that any notice pursuant to 18 U.S.C. § 3593(a) **SHALL** be filed no later than **February 12, 2024**; and it is further

**ORDERED** that no further request to extend the notice deadline **SHALL** be entertained absent exigent circumstances and supporting evidence.

**Dated:** January 25, 2024            */s/ Robert A. Molloy*
                                                                   **ROBERT A. MOLLOY**
                                                                   **Chief Judge**

---

[2] The Government's motion contains an error in the year, as the Government seeks "to file any notice by no later than February 12, 2023," (ECF No. 40 at 1), a past date preceding the Government's motion.