IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Crim No. SAG-22-0409

---

UNITED STATES OF AMERICA

v.

WILSON ARTURO CONSTANZA-GALDOMEZ,
a.k.a. "Humilde," a.k.a. "Marco Saravla."

JONTHAN PESQUERA-PUERTO,
a.k.a. "Truney,"

    and

EDIS OMAR VALENZUELA-RODRIGUEZ,
    a.k.a. "Little Felon,"
Defendants.

---

## DECLARATION OF DAVID A. RUHNKE

1. I, David A. Ruhnke, make the following declaration, under

penalty of perjury, pursuant to 28 U.S.C. § 1746.

2. Until my retirement in January of this year, I was an attorney-at-law

specializing in criminal defense, with a sub-specialty in the defense of

1

capital cases. Attached to this declaration is a resume summarizing my background and capital case experience. ("A" to designate attachment and page.) That resume was last updated in 2019 but, with one addition, remains an accurate summary of my capital trial experience. The addition is that in 2023 I served as trial counsel in *United States v. Sayfullo Saipov*, 17-cr-772 (SDNY). In that case, a life verdict was returned for a defendant convicted of acting in support of the terrorist organization known as ISIS to use a rental truck to strike and murder eight victims on a walk and bike path in lower Manhattan. Also, as noted in my resume, I am a Past President of the Association of Criminal Defense Lawyers of New Jersey. (A2.)

3. Summarizing my educational and legal background briefly, I hold a BA degree in English literature from Dartmouth College (1965) and a JD from Seton Hall University awarded in 1975. I was the valedictorian of my law school class. Following law school, and a one-year appellate clerkship, I was hired as an Assistant Federal Public Defender for the District of New Jersey, an office I had clerked for while in law school. (A2-3.) During my tenure with that Office, I handled numerous federal criminal cases at the trial and circuit levels.

2

In 1983 I left the Federal Defender to enter private practice and formed the law firm eventually known as Ruhnke & Barrett, a partnership consisting of myself and my spouse, Jean D. Barrett. During my 40-plus years in private practice, I was a member of the CJA Panels for the Eastern and Southern Districts of New York and the District of New Jersey, as well as the Second and Third Circuit Courts of Appeals. Additionally, I was a member of specially created capital panels of the two New York Districts above. These were staffed by attorneys the courts considered qualified to represent indigent clients accused of crimes carrying a potential death sentence.

4. Regarding my capital case trial experience, I have tried 19 such cases to a conclusion — six in the state courts of New Jersey (A9-11) and 13 in the federal courts. (Cases summarized at A3–5.) The six state trials ended with one acquittal and five life verdicts. The 13 federal cases ended with two sentences of death and 10 life verdicts. One of my federal capital trials did not result in a verdict because, during the Christmas recess of the first phase of his trial, my 21-year-old client hanged himself in the local county jail where he was being held for trial. *United States v. Bilal Pretlow,* 90-cr-328 (DNJ). The two federal death verdicts were both set aside: one on the basis of a *Brady* violation,

3

*United States v. David Paul Hammer,* 96-cr-239 (MDPA); and the second on the basis of juror misconduct, *United States v. Gary Lee Sampson,* 01-cr-10384 (DMA). Neither case was re-tried and both defendants died of natural causes in federal custody. In addition to trial work, I also have federal capital appellate experience. (A12.) *See also, United States v. Candelario,* 977 F.3d 146 (1st Cir. 2020) (Reversing district court on Double Jeopardy basis and remanding with instructions to dismiss the aggravating factors.) As also reflected in the attachment, I have been qualified and have testified as an expert witness on the preparation and trial of capital cases. (A12.) I lectured frequently on this topic at many capital case programs.

5. Finally on the topic of capital qualifications, I served for many years as a member of the Federal Death Penalty Resource Counsel Project. The Project was formed through the Office of Defender Services of the Administrative Office of the United States Courts. In that capacity I counseled numerous federal capital defense teams on strategy, preparation, and generally best practices in the defense of potential and authorized death penalty cases

6. I have been asked by defense counsel in this case to offer an opinion, in view of the trial schedule, of the likelihood that the three capital

4

defendants can be prepared to go on trial for their lives on the present trial date. My understanding of the relevant background is that in 2022, the three defendants were charged in an indictment alleging murders as part of a violation of 18 U.S.C. § 1962 (RICO). The initial indictment did not charge death-eligible offenses. Nevertheless, in 2024 the Government filed a notice that it would not seek the death penalty as to any of the defendants. Eventually the Court set a September 2, 2025, trial date. Earlier this month, specifically May 8, the Government filed a superseding indictment alleging death-eligible counts for the same murders charged under RICO and as to which the Government had notified the Court and the defendants that death would not be sought. Then on May 16, 2025, the Government filed a notice of intent to seek the death penalty as to all three defendants. (ECF docket entries 94-96.)

7. I have been advised that no punishment-related mitigation investigation has been conducted in these cases because they were always treated by the Government as non-capital, a view confirmed by the Government's filing of a formal notice that death would not be sought. I have also been advised that death-penalty qualified defense

5

counsel, the "Learned Counsel" referenced in 18 U.S.C. § 3005, have not been appointed. As an initial matter, it is my opinion to a reasonable degree of professional certainty that no attorney qualified to serve as Learned Counsel would accept an appointment in this case if the present trial date remained in place. I know that I would decline such an appointment and would consider it professionally irresponsible to take on a capital trial scheduled to commence in such a short time frame where no penalty-phase preparation has taken place. Simply put, there is not the time needed to prepare a capital case on that schedule.

8. Once three Learned Counsel are identified and appointed here, his or her tasks are well-established as required by the case law and the ABA Guidelines for the Appointment & Performance of Defense Counsel in Death Penalty Cases. Each newly-appointed Learned Counsel must Assemble a defense team consisting, at a minimum, of additional counsel, an investigator, and a qualified mitigation specialist. The mitigation specialist, in turn, at the direction of counsel must begin an exhaustive background investigation of the client's entire life history, including the circumstances of his childhood, the extent and quality of

6

his education, any physical or mental ailments, and the conditions of his community, all of which can yield mitigating circumstances for ultimate presentation to a jury. The investigation will include the collection of all relevant records. While the life history investigation is ongoing, under Learned Counsel's supervision, he or she must begin to focus on pretrial motion practice directed to the newly capital nature of the case as well as presenting motions and other requests, including the appointment of other experts, including experts on capital-case jury-selection procedures. Learned Counsel, in conjunction with co-counsel, must also supervise a diligent factual investigation of the circumstances of the Government's case on guilt and the potential for defenses. This may involve an assessment of whether, and to what extent, an unsuccessful guilt-phase defense may have a negative effect on a penalty phase. As a related aspect, counsel must explore a non-capital resolution of the case, or present arguments why death should not be sought at all.

9. It has been my experience, and the experience of the larger capital defense community as I have observed it during my more than 40 years of death-penalty experience, that the pre-trial preparation of an authorized federal capital case often takes a year or more from

the entrance of Learned Counsel to trial. In my own federal cases, the interval has averaged in the two-year range. I note that this case presents the further complicating factor that the defendants are from Central America, two from El Salvador and one from Honduras. This is a case circumstance further rendering the goal of a short-term pre-trial preparation period unattainable. I have personally served as Learned Counsel in three federal death-penalty trials where foreign travel was necessary: to Tanzania, to the Philippines, and to the former Soviet Republic of Uzbekistan. When a capital defendant grew up in a foreign country, multiple trips to develop information and witnesses are often necessary, especially for the mitigation specialist. It is also a daunting task to make arrangements for such witnesses to travel to and enter the United States for trial, a circumstance that was accomplished in my three cases discussed above.

10. I also note that the delay in this case from the indictment in November 2022 to the Notice of Intent in May 2025 is likely to have a negative effect on the ability of the defense to conduct a mitigation investigation. Witnesses may have died, disappeared, or be otherwise unavailable. Records may have been destroyed.

8

This is a further circumstance supporting the view that this case should not proceed as a capital trial.

IN SUMMARY, it is my opinion to a reasonable degree of professional certainty that this case cannot be prepared for trial as a capital case on the schedule established by the Court. I stand ready to respond to any questions the Court may have, or to testify if requested to do so.

Respectfully submitted,

DAVID A. RUHNKE

Dated:    Montclair, NJ
          May 27, 2025

# ATTACHMENT—
## DAVID A. RUHNKE RESUME

# RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000
973-746-1490 (FAX)

29 BROADWAY
SUITE 1412
NEW YORK, N.Y. 10006
212-608-7949

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com)  ◊  JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

## Resume of Death Penalty Experience – David A. Ruhnke
(Revised March 2019)

Education:

B.A., English Literature, Dartmouth College, 1965

J.D. *cum laude*, Seton Hall University, 1975
Class rank -1/250

Work History:

| | |
|---|---|
| 1965-1967: | Management trainee<br>Prudential Ins. Co. of America<br>Newark, New Jersey |
| 1967-1969: | Peace Corps Volunteer<br>Republic of the Philippines |
| 1969-1970: | Instructor of English<br>East-West Cultural Institute<br>Chiba City, Japan |
| 1970-1972: | Free-lance journalist/photographer<br>Part-time construction worker |
| 1972-1975: | Summer employment in law school: project to revise New Jersey child-abuse legislation (summer, 1973); law clerk Office of the Federal Public Defender for the District of New Jersey (summer, 1974) |
| 1975-1976: | Law clerk to Hon. Lawrence A. Carton, Jr., Presiding Judge, Appellate Division New Jersey Superior Court |
| 1976-1983: | Assistant Federal Public Defender for the District of New Jersey |
| 1983-present: | Partner, Ruhnke & Barrett, Montclair, NJ; New York, NY |
| 2006-present: | Resource Counsel, Federal Death Penalty Resource Project. On part-time contract basis with the Administrative Office of the United States Courts, Defender Services Division, to provide assistance, advice, and training to attorneys handling federal capital cases. |

| | |
|---|---|
| <u>Teaching</u>: | Formerly adjunct faculty member, Seton Hall University Law School, teaching primarily Criminal Law and Criminal Procedure (inactive at present). |

<u>Bar</u>
<u>Admissions</u>:

State of New Jersey, 1975
State of New York, 1984
District of New Jersey, 1975
Eastern District of New York, 1983
Southern District of New York, 1983
First Circuit, 2004
Second Circuit, 1993
Third Circuit, 1977
Tenth Circuit, 1997
United States Supreme Court, 1983

<u>Memberships</u>:    New Jersey Bar Association; National Association of Criminal Defense Lawyers (Member Death Penalty Committee); Association of Criminal Defense Lawyers of New Jersey (Past President and chair of death-penalty committee); New Jersey State Bar Association, Criminal Law Section (former trustee); former member, Death Penalty Subcommittee, Federal Defender Advisory Committee, Administrative Office of the United States Courts (Defender Services Division).

FEDERAL DEATH-PENALTY CASES (trial level):[1]

FEDERAL CAPITAL CASES BROUGHT TO TRIAL:

*United States v. Jessie Con-Ui* (M.D.PA. 2015). Court-appointed by Hon. Ralph A. Caputo, U.S.D.J. Client, with concurrent state life sentence for murder and serving federal narcotics sentence, murdered a federal Correctional Officer in a housing unit at USP/Caanan in February 2014. Officer was stabbed in excess of 200 times, with entire crime captured on video surveillance. Case came to trial in the summer of 2017. Life verdict.

*United Stats v. Alexis Candelario-Santana* (D.P.R. 2011). Court-appointed by Hon. Jose A. Fuste, U.S.D.J. Defendant alleged to be leader of narcotics organization. Indicted for orchestrating single incident firearms murders of 8 people and one unborn child at nightclub opening allegedly in retaliation for narcotics-related dispute. Defendant had 13 prior murder convictions. Case came to trial in January 2013. Life verdict returned March 2013. Underlying convictions reversed on appeal and cased now pending re-trial.

---

[1]The date shown is the year of entry into the case as capital counsel.

*United States v. Khalid Barnes* (S.D.N.Y. 2005). Court-appointed by Hon. Stephen C. Robinson, U.S.D.J. Double-homicide in suspected drug rip-off. Defendant alleged to be shooter and leader of major drug organization operating in Peekskill, New York. Case authorized by Attorney General for capital prosecution. Case went to trial from February through May 2008. Unanimous life verdicts after 2½ hours of jury deliberations.

*United States v. Kenneth McGriff* (E.D.N.Y. 2005). Court-appointed by Hon. Edward R. Korman, Chief Judge, E.D.N.Y. Defendant alleged to be a major drug-dealer and to have killed two individuals, including rap artist "E Money Bags." Case is set in the context of the rap music industry and it is alleged that the defendant's drug profits were laundered through a major rap label, "Murder, Inc." Case authorized for capital prosecution by Attorney General and came to trial in January 2007. Life verdict returned by jury after 2 ½ hours of deliberation.

*United States v. Elijah Bobby Williams* (S.D.N.Y. 2000). Court-appointed by Hon. Naomi Reice Buchwald, U.S.D.J. Allegations of a triple homicide occurring in the context of large-scale drug trafficking and racketeering. Case authorized for capital punishment, over contrary recommendation of United States Attorney. Case went to trial in spring of 2005. At bi-furcated penalty phase, jury rejected sole statutory aggravating factor and case did not proceed to mitigation phase.

*United States v. Gary Lee Sampson* (D.Mass. 2001). Court-appointed by Hon. Mark L. Wolf, U.S.D.J. Defendant guilty of committing three murders in Massachusetts and New Hampshire while on run from bank robbery prosecution. Case tried from September through December 23, 2003. Death verdict. Affirmed on direct appeal. Sentence vacated on 2255 review because of juror misconduct.

*United States v. Michael O'Driscoll* (M.D.Pa. 2001). Court-appointed by Hon. Malcolm Muir, Senior Judge. Prisoner killed fellow prisoner at the United States Penitentiary, Allenwood. Defendant alleged to have a long and serious history of violence, including prior murder and violent escape attempt. Life verdict, March 2003.

*United States v. Khalfan Khamis Mohamed* (S.D.N.Y.1999). Court-appointed by Hon. Leonard Sand, U.S.D.J. A terrorism case where defendant was charged with participation in the August 1998 bombings of the American Embassies in Kenya and Tanzania, allegedly at the behest of the lead defendant, Usama Bin Laden. Case began trial January 3, 2001. Defendant convicted of the murder of 11 people in the bombing of the embassy in Dar es Salaam. Life verdict July 2001. Defendant later withdrew appeal of underlying conviction.

*United States v. Gurmeet Singh Dhinsa* (E.D.N.Y. 1998). Retained as co-counsel to Gerald Shargel, Esquire. Brought pursuant to Federal Death Penalty Act of 1994. Millionaire Sikh businessman charged with two murders-for-hire to silence witnesses

to fraudulent scheme. Convicted after eight-week trial. Penalty phase ended in unanimous life verdict.

*United States v. David Paul Hammer* (M.D. Pa. 1996). Court-appointed by Hon. Malcolm Muir, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Prison killing at U.S.P./Allenwood. Defendant charged with strangling cellmate. Death-penalty authorized and death verdict returned 7/98. Client withdrew appeal in order to speed his execution. *United States v. Hammer*, 226 F.3d 229 (3d Cir. 2000). Client changed mind again and execution date of 11/15/00 was vacated. Petition for post-conviction relief was filed, which client then attempted to withdraw several times. A June 2004 execution date was also vacated by the Third Circuit. In December 2005, after extensive hearings, the district court vacated the sentence of death on the basis of a *Brady* violation.

*United States v. Tyrone Walker* (N.D.N.Y. 1994). Court-appointed by Hon. Thomas J. McAvoy, Chief Judge. Drug "kingpin" case. Case went to trial from October 1995 to February 1996. Convicted. At penalty, jury found defendant responsible for two additional murders. Jury returned a life verdict.

*United States v. Thomas Pitera* (E.D.N.Y. 1992). Court-appointed by the Hon. Reena Raggi, U.S.D.J. Drug "kingpin" case. First such prosecution in Eastern District of New York., Case alleged nine murders set in context of organized-crime RICO and CCE. Client was 38-year old alleged "made member" of Bonnano organized crime family. At conclusion of guilt-phase, jury convicted client of seven homicides. At death-penalty phase, divided jury returned life verdict.

<u>FEDERAL CAPITAL CASES PENDING OR RESOLVED SHORT OF TRIAL</u>:

What follows is only a partial list of numerous cases serving as Learned Counsel pursuant to 18 U.S.C. § 3005 where the case was not authorized or was otherwise resolved sort of trial.

*United States v. Jorge Aguilera* (D.P.R. 2010). Court-appointed by Hon. Gustavo A. Gelpi. Car-jacking murder of professor. Pending review at the local level.

*United States v. Paul Bergrin* (D.N.J. 2009). Court-appointed by Hon. William J. Martini. Defendant is a criminal defense attorney, former A.U.S.A., accused of orchestrating the murder of a witness and conspiring to murder another witness. Attorney General did not authorize for capital prosecution.

*United States v. Ramzi bin al Shibh* (Military Commissions 2008). Civilian counsel in Military Commissions case to one of alleged 911 plotters. Capital case. Set for trial at Guantanamo Bay prior to President Obama's executive order halting all Military Commissions cases. Pending decision on forum where case will be tried.

*United States v. Alejo Polanco* (E.D.N.Y. 2008). Court-appointed by Hon. David G.

A5

Trager, Senior Judge. Defendant accused of two murders in context of robbery of drug dealers. Attorney General did not authorize for capital prosecution. Attorney General did not authorize for capital prosecution.

*United States v. Christian Tarantino* (E.D.N.Y. 2008). Court-appointed by Hon. Joanna Sybert, U.S.D.J. Defendant accused of murder of armored car guard during robbery attempt, murder of accomplice to that robbery to prevent his testimony, and murder-by-hire of a witness who threatened to reveal defendant's alleged involvement in both crimes to FBI. Attorney General did not authorize for capital prosecution.

*United States v. Joseph Competiello* (E.D.N.Y. 2008). Court-appointed by Hon. Nina Gershon, U.S.D.J. Defendant alleged member of Colombo organized crime family charged with mob-related murders. Attorney General did not authorize for capital prosecution.

*United States v. Michael Jacques* (D. Vt. 2008). Court-appointed by Hon. William Session, U.S.D.J. Defendant, a convicted rapist and pedophile, accused of highly-publicized kidnap-murder of 12-year old niece-by-marriage. Case was authorized for capital prosecution. Pending trial.

*In re Scott Michael Patrick* (M.D.FL 2008). Court-appointed by U.S.M.J. Gregory Jones. Federal prisoner under investigation for stabbing murder of fellow inmate at USP/Coleman in February 2007. Pending investigation. No formal charges filed as yet.

*United States v. Eduardo Riera-Crespo* (D.P.R. 2007). Court-appointed by Hon. Jose A. Fuste, Chief Judge. Car-jacking related murder by 19-year old client and two others. Court dismissed notice-of-intent to seek death on basis of inadequate opportunity to persuade DOJ not to seek death. US appealed and First circuit reversed. Attorney General de-authorized the case.

*United States v. Felix Alberto-Castro-Davis* (D.P.R. 2007). Court-appointed by Hon. Jose A. Fuste, Chief Judge. Kidnapping and car-jacking murder of 71-year old numbers operator ("bolitero"). Efforts to gain access to ATM and a home-invasion. Asphyxiated with duct tape. Attorney General did not authorize for capital prosecution.

*United States v. Chaz Glynn* (S.D.N.Y. 2006). Court-appointed by Hon. Jed S. Rakoff, U.S.D.J. Gang prosecution of the Bronx-based "Clay Street Bloods." Client alleged to have ordered single gang-related murder of fellow gang member. Attorney General did not authorize for capital prosecution.

*Zebroski v. Delaware* (D. Del. 2005). Court-appointed by Hon. Kent A. Jordan, U.S.D.J., as substitute counsel where conflict had arisen, to represent death-sentenced prisoner raising a federal challenge, 28 U.S.C. § 2254, to his conviction and sentence

in the state courts of Delaware. Case held in abeyance pending systemic challenge to Delaware's execution protocols.

*United States v. Dwayne Palmer* (S.D.N.Y. 2005). Court-appointed by Hon. Michael Mukasey, formerly Chief Judge, S.D.N.Y. Now assigned to Hon. Barbara S. Jones, U.S.D.J. Killing during high-speed car chase involving rival drug-dealers. Attorney General did not authorize for capital prosecution.

*United States v. Damion Hardy* (E.D.N.Y. 2005). Court-appointed by Hon. Raymond Dearie, U.S.D.J. Murders in the context of drug-dealing in Brooklyn. Case authorized for capital prosecution by Acting Attorney General. Authorized as to one murder only. US is seeking additional authorizations. Client found incompetent to stand trial by Bureau of Prisons in February 2008 and again in July 2008. District Court found incompetent. Pending "restoration" evaluation and forced-medication argument.

*United States v. Harry Guzman* (D. Mass. 2005). Court-appointed by Hon. Joseph L. Tauro, U.S.D.J. Defendant suspected of series of arsons in Lawrence, MA, in 2003, one of which killed a mother and her infant daughter. Attorney General did not authorize for capital prosecution.

*United States v. Keith Nelson* (W.D.Mo. 2004). Court-appointed as post-conviction counsel by Honorable Fernando Gaitan, Jr., U.S.D.J. Client sentenced to death in fall, 2001, for murder-kidnap of 10-year old girl. Sentence of death affirmed on direct appeal. District court denied relief on 2255 challenge without a hearing. Eighth Circuit granted certificate of appealability, reversed, and remanded for a hearing. Hearing pending Fall 2010.

*United States v. Vincent Pagan* (S.D.N.Y. 2004). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing. Case was not authorized for capital prosecution. Defendant was released on house-arrest conditions throughout process. Pending sentencing after defendant pleaded guilty and cooperated.

*United States v. Mario Hernandez* (D.P.R. 2004). Court-appointed by Hon. Juan M. Perez-Gimenez. Carjacking murder of young woman victim whose body has never been recovered. Allegations are that victim was sexually assaulted and tortured prior to death. Attorney General did not authorize for capital prosecution. Charges ultimately dismissed because of concerns defendant was innocent.

*United States v. Bing Yi Chen* (S.D.N.Y. 2003). Court-appointed by Hon. Deborah K. Batts, U.S.D.J. Double homicide in context of large-scale drug-dealing. Attorney General did not authorize for capital prosecution.

*United States v. Christian DelRosario* (S.D.N.Y. 2003). Court-appointed by Hon. Gerard E. Lynch, U.S.D.J. Double homicide in context of large scale drug-dealing.

A7

Attorney General did not authorize for capital prosecution.

*United States v. Albert Burgos* (S.D.N.Y. 2003). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing and gang activity. Attorney General did not authorize for capital prosecution.

*United States v. Freddy Abad* (S.D.N.Y. 2002). Court-appointed by Hon. George P. Daniels. Indictment alleges single murder, accompanied by torture and home invasion, of reputed drug dealer in unsuccessful effort to steal drugs and money. Death penalty was not sought after it was demonstrated defendant was mentally retarded.

*United States v. John Petrucelli* (S.D.N.Y. 2002). Court-appointed by Hon. Thomas P. Griesa. Defendant accused of single murder occurring in 1995 in an organized crime context. Attorney General did not authorize for capital prosecution.

*United States v. Anthony Greco* (S.D.N.Y. 1999). Court-appointed by Hon. Lawrence McKenna. Case brought pursuant to Federal Death Penalty Act of 1994. Alleged single murder in organized crime context. Attorney General did not authorize for capital prosecution.

*United States v. John Tibbs* (D.Mass. 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Attorney General did not authorize for capital prosecution.

*United States v. Lee Arthur Taylor* (D.Mass 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Attorney General did not authorize for capital prosecution.

*United States v. Joseph Calco* (E.D.N.Y. 1999). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Three murders set in organized crime/narcotics trafficking context. Defendant entered into cooperation agreement with the United States and death-penalty not sought.

*United States v. Clarence Heatley* (S.D.N.Y. 1996). Court-appointed by Hon. Sonia Sotomayor, U.S.D.J. Drug "kingpin" case. Nineteen murders. Death penalty authorized for Heatley and co-defendant. Both capital defendants plead out to life sentences.

*United States v. Moses Clary* (D.N.J. 1996). Court-appointed by Hon. Joseph Rodriquez as co-counsel to Federal Public Defender. Brought pursuant to Federal Death Penalty Act of 1994. Bank-robbery shoot-out at suburban shopping mall. Two bystanders and one perp killed. Security guard wounded. (Guard killed one by-sander; dead perp killed other. Clary was the survivor.) Death-penalty authorized. Plead to life sentence.

*United States v. Fu Xin Chen* (E.D.N.Y. 1995). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Charged rape/torture/shooting death of Chinese immigrant held captive for ransom and/or repayment of fees owed to smugglers. Department of Justice authorized capital prosecution in summer of 1996. Plead guilty to life sentence.

*United States v. Christopher Green* (D.N.J. 1995). Court-appointed by the Hon. Joseph H. Rodriguez, U.S.D.J., as co-counsel to Federal Public Defender. Case brought pursuant to Federal Death Penalty Act of 1994. On March 21, 1995, Christopher Green, a 29 year-old man with no criminal record, entered a small postal sub-station in Montclair, New Jersey and announced a robbery. After receiving approximately $5,000, he ordered the five people in the post office — two postal employees and three customers — to the ground and methodically shot each in the head with a 9mm pistol loaded with "Black Talon" bullets. Four of the individuals died instantly; the fifth survived made a full recovery. After several negotiating sessions, the United States Attorney dropped her request for the death penalty and, on June 8, 1995, Green entered a guilty plea to the indictment and was sentenced to a life sentence without parole on September 22, 1995.

*Moore v. Reynolds* (W.D.Ok 1994). Court-appointed by Hon. Robin J. Cauthron, U.S.D.J., to represent death-sentenced Oklahoma inmate on federal habeas, 28 U.S.C. § § 2254. Petition denied January, 1997. Decision affirmed by divided panel of Tenth Circuit. *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998). Supreme Court denied *certiorari*. Board of Pardon and Parole refused clemency. Client executed June 3, 1999.

*United States v. Michael Murray* (M.D.Pa. 1993). Court-appointed by Hon. Sylvia H. Rambo, Chief Judge. Drug "kingpin" case. Young client (19) charged with drug-related shooting of 20 year-old drug-dealer. DOJ withdrew death authorization three days before jury-selection.

*United States v. Dandeny Munoz-Mosquera* (E.D.N.Y. 1993). Court-appointed by the Hon. Sterling Johnson. Drug "kingpin" case. Defendant alleged "assassin" for the Medillin Cocaine Cartel; co-defendant was the late Pablo Escobar, alleged head of the cartel and then a fugitive in the Republic of Colombia. The capital count charged mid-air bombing of a domestic Colombia airliner (Avianca Airlines) in which 110 people — including two American citizens — were killed. The United States Attorney in Brooklyn eventually declined to seek Justice Department authorization and the case went to trial as non-capital prosecution.

*United States v. Bilal Pretlow* (D.N.J. 1992). Court-appointed by the Hon. Harold A. Ackerman, U.S.D.J. Drug "kingpin" case. First such case in District of New Jersey. After several weeks of trial, 21-year old client committed suicide by hanging self in jail cell.

STATE DEATH-PENALTY CASES (trial level):

*State v. Robert Morton* (New Jersey Superior Court 1999). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Post-conviction challenge to sentence of death. After full re-investigation and five-day evidentiary hearing, death sentence vacated, June 2005. State did not appeal. Life sentence imposed.

*State v. James Minett* (New Jersey Superior Court 1996). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Murder-for-hire of defendant's girlfriend. Shooter cooperated and testified. Life verdict spring 1998. Conviction affirmed on appeal.

*State v. William David Jones* (New Jersey Superior Court 1995). Designated counsel by Public Defender (with law partner, Jean D. Barrett). On July 19, 1995 defendant was arrested for knife-, bat- and pitchfork-slaying of acquaintance. Related charge of sexual assault. Case tried in fall of 1999 into early 2000. Jury convicted of capital murder after seven days of deliberations. Jury deliberated slightly over one hour after three-day penalty-phase presentation and did not find any aggravating factors. Guilt-phase verdict affirmed on appeal.

*State v. Eddie Lee Oliver a/k/a Al Damany Kamau* (New Jersey Superior Court 1993). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Defendant charged with June 3, 1993 murder of a Newark Police Officer as he waited to testify in the hallway outside a courtroom on the 11th floor of the Essex County Courthouse in Newark, New Jersey. In the ensuing escape attempt, a sheriff's officer was shot in the chest. Defense was insanity. Jury convicted after five days of deliberations but, after two days of penalty deliberations, returned a non-unanimous verdict rejecting death penalty.

*State v. Anthony McDougald* (New Jersey Superior Court 1990). Designated counsel by Public Defender (with law partner, Jean D. Barrett). This was a double-murder by stabbing of the parents of the 13-year old girlfriend of 27-year old defendant. After the murder, he inserted baseball bat into the vagina of the mother with the comment that this was in retaliation for her having given birth to the 13-year-old. Aggravating factors were that the murders were outrageously and wantonly vile and that they were committed to avoid prosecution for another offense. (The statutory rape of the 13-year-old.) This case was a penalty-only re-trial after the New Jersey Supreme Court affirmed the murder convictions but vacated the death verdict. See *State v. McDougald*, 120 N.J. 523, 577 A.2d 419 (1990). On November 18, 1995, following six weeks of jury selection and a two-week trial, the jury returned a verdict for life.

*State v. Bryan Coyle* (New Jersey Superior Court, 1991). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). This was a shooting death of the husband of a woman with whom defendant was romantically involved. Aggravating factors were that defendant has a prior murder conviction and that the killing was outrageous and wantonly vile in that it was a killing committed purely for the pleasure of killing. First jury convicted and imposed death sentence.

This was a re-trial following the New Jersey Supreme Court's reversal of both the guilt- and penalty- phase verdicts. See *State v. Coyle*, 119 N.J. 194, 574 A.2d 951 (1990). After plea negotiations, prosecution withdrew aggravating factors and defendant plead guilty to murder and was sentenced to 30 years.

*State v. Julius Boeglin* (New Jersey Superior Court 1990). Retained as counsel to handle pre-trial motions and jury-selection only (with law partner, Jean D. Barrett). Aggravating factors were murder-by-hire and avoiding detection for another offense. Allegations were defendant — the son of a millionaire industrialist — paid another to kill victim for informing on defendant's drug activities. Case went to trial with substituted counsel and jury returned verdict of non-capital murder.

*State v. James Jerald Koedatich* (New Jersey Superior Court, 1990). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved the kidnaping, sexual assault and stabbing murder of an 18-year old adopted Korean girl. Aggravating factors were the defendant's two prior murder convictions; that murder was committed in a manner that was outrageous and wantonly vile; that murder was committed for the purpose of escaping detection for the other felonies; and that murder was committed in the course of certain other felonies. This was a penalty-phase only re-trial. Because of the massive publicity, venue was moved out of the county where the crime occurred to a rural adjacent county. Trial took place in the summer of 1990. Jury selection took approximately five weeks. There was one week of penalty-phase evidence. Jury was unable to agree unanimously on whether the death penalty should be imposed and, therefore, as required by New Jersey law, defendant was sentenced to life imprisonment.

*State v. Eneida Berrios* (New Jersey Superior Court, 1983). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved the arson-murder of a six-year old child motivated by an argument between two families in the City of Newark. Building was set on fire in the middle of the night. Child was trapped. Aggravating factors were that defendant hired the arsonist and that the murder was outrageously and wantonly vile. Case tried in 1986. Defendant found not guilty at conclusion of guilt phase.

## APPELLATE DEATH-PENALTY EXPERIENCE

*State of Delaware v. Thomas Capano*, 781 A.2d 556 (Del.Supreme Ct. 2001). Retained as appellate co-counsel to politically prominent attorney found guilty of murdering his girlfriend (appointments secretary to the Governor of Delaware) and disposing of her body at sea. Sentenced to death. Conviction and sentence of death affirmed by Delaware Supreme Court. *Certiorari* petition pending in United States Supreme Court raising *Apprendi* challenge to Delaware capital punishment scheme. Outcome of case will be controlled by analysis of the United States Supreme Court's decision in *Ring v. Arizona*. In state post-conviction at the trial level, relief granted on *Ring* error.

A11

*State v. John Martini, Sr.,* 144 N.J. 603, 678 A.2d 164 (1996).  Martini was New Jersey's first potential "volunteer" for execution.  Served as counsel to *amicus curiae*, the Association of Criminal Defense Lawyers of New Jersey, taking the position that an otherwise competent defendant may not waive a state court post-conviction challenge to a death sentence where the attorneys handling the case are of the view that there are meritorious issues to be presented.  Court accepted that argument.  Societal interest in reliability of death sentences outweighs individual defendant's wish to forgo post-conviction review. *State v. Martini*, 144 N.J. 603, 678 A.2d 164 (1996).

*State v. Marshall*, 130 N.J. 109, 613 A.2d 1059 (1992).  *Marshall* was the first death sentence affirmed by the New Jersey Supreme Court. See, 123 N.J. 1, 586 A.2d 85 (1991).  (Defendant was convicted of hiring others to murder his wife for insurance proceeds and was subject of book and made-for-TV movie entitled "Blind Faith.") In this aspect of *Marshall*, served as counsel to *amicus curiae*, the American Civil Liberties Union of New Jersey, concerning the methodology to be employed by the New Jersey Supreme Court in carrying out statutorily-mandated proportionality review.

*State v. Koedatich*, 112 N.J. 225, 548 A.2d 939 (1988).  Defendant originally tried and sentenced to death in 1984.  Firm became involved in the case on direct appeal to the New Jersey Supreme Court.  Above-cited opinion affirmed defendant's underlying convictions by 4-3 vote but unanimously vacated the death penalty.  See also, *State v. Koedatich*, 118 N.J. 513, 572 A.2d 622 (1990).  State appealed trial court's decision to grant motion striking two of four aggravating factors on ground that previous penalty-phase jury had not been able to reach a unanimous finding that those aggravating factors existed.  The New Jersey Supreme Court, in another 4-3 opinion, reversed the trial court and re-instated the dismissed aggravating factors which were then presented to the jury when the penalty-phase was re-tried in the summer of 1990.  Jury returned life verdict.

## OTHER RELEVANT EXPERIENCE

EXPERT TESTIMONY:

Qualified and testified as expert witness in area of effective assistance of counsel in handling guilt- and penalty-phases of capital-murder cases: *State v. Daniel Webb* (Connecticut Superior Court); *State v. Jermaine Wright* (Delaware Superior Court 1994); *Hooks v. Ward*, (U.S. Dist. Ct., W.D.Ok. 1997); *State v. Jackson*, (Delaware Superior Court 1998); *Mollett v. Ward* (U.S. Dist. Ct. W.D.Ok. 2000); *State v. Donald Loftin* (N.J. Superior Court 2004).

SEMINARS AND CONFERENCES:

As a member of the Federal Death Penalty Resource Counsel Project, I am frequently invited to lecture and participate in capital training programs. The Project puts on up

to four training programs every year, and I typically serve as faculty in plenary presentations and as a facilitator of "bring-your-own-case" small-group sessions.

Since the mid 1990's, I have lectured to numerous groups on the topic of capital defense generally 2-3 times per year.

I serve as a faculty member (and have since 2009) at the annual 6-day Death Penalty College sponsored by Santa Clara University School of Law. Numerous topics and presentations at those programs.

I serve as a faculty member of the National College for Capital Voir Dire, based at the University of Denver in Boulder, Colorado. This is a multi-day annual program aimed at improving the skills of defense attorneys in selecting a jury in a capital case.