**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cr-0072** |
| | ) | |
| **RICHARDSON DANGLEBEN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Defendant, Richardson Dangleben, Jr. ("Dangleben"), files the instant motion seeking to dismiss Counts 7-13 of the Indictment arguing that the Court lacks jurisdiction over these purely local territorial offenses.[1] ECF No. 80. This motion is premised on the dismissal and/or severance of the federal counts alleged in Counts One through Six. For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

On October 13, 2023, a grand jury indicted Dangleben charging him with multiple violations of federal and territorial offenses based on events that occurred on July 4, 2023. Specifically, the Indictment alleges violations of the following: Use of a Firearm During a Crime of Violence Resulting in Death in violation of 18 U.S.C. § 924(j)(1) ("Count One"); Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two" and "Count Three"); Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Four"); Possession of Firearm with an Obliterated Serial Number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count Five"); Receipt of a Firearm While Under Indictment for a Crime Punishable by More than One Year Imprisonment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D) ("Count Six"); First Degree Murder in violation of 14 V.I.C. §§ 921 and 922(a)(3) ("Count Seven"); First Degree Assault in violation of 14 V.I.C. § 295(1) ("Count Eight" and "Count Eleven"); Third Degree Assault in violation of 14 V.I.C. § 297(a)(2) ("Count Nine" and

[1] Dangleben filed the instant Motion to Dismiss Counts 7-13 for Lack of Jurisdiction on October 31, 2024. (ECF No. 80.) The United States filed an opposition on January 17, 2025, ECF No. 107, and Dangleben filed a reply on June 19, 2025. (ECF No. 174.)

"Count Twelve"); Attempted First Degree Murder in violation of 14 V.I.C. §§ 921, 922(a)(3), and 331(1) ("Count Ten"); and, Wearing Body Armor During the Commission of a Violent Crime in violation of 14 V.I.C. § 2258a(a) ("Count Thirteen").

Throughout the course of this litigation, Dangleben filed motions seeking to dismiss or sever the counts alleged in the Indictment. First, Dangleben sought to dismiss Counts One, Two, and Three for failure to state an offense premised on the fact that the United States did not allege any federal predicate offenses constituting a crime of violence. *See* ECF No. 84. Dangleben also sought to dismiss Counts Five and Six based on *Bruen*.[2] *See* ECF Nos. 74 and 75. Finally, Dangleben filed motions seeking to sever Counts Four and Six from the remaining charges. *See* ECF Nos. 71 and 72.[3]

On April 16, 2025, the Government filed a Superseding Indictment alleging the same 13 counts. Count One of the Superseding Indictment now includes a federal predicate offense, namely, Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1). Other than the amendment to Count One, the allegations pertaining to each count remain identical.[4]

## II. DISCUSSION

The District Court of the Virgin Islands has the jurisdiction of a District Court of the United States. 48 U.S.C. § 1612(a). With regard to jurisdiction over criminal offenses, the District Court of the Virgin Islands has limited jurisdiction over offenses against the criminal laws of the Virgin Islands. Title 48, Section 1612(c), of the United States Code provides:

> (c) Criminal offenses; concurrent jurisdiction with local courts. The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section.

[2] *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).

[3] Dangleben later withdrew his motion to sever Count Six. *See* ECF No. 114 at 5. The Court subsequently found the motion to be moot. *See* ECF No. 206.

[4] Of course, the Superseding Indictment also includes special findings pursuant to 18 U.S.C. §§ 3591 and 3592.

The plain language of section 1612(c) allows this Court to exercise "supplemental jurisdiction concurrently [with the courts of the Virgin Islands] over those territorial offenses that grow out of conduct that also offends federal criminal law." *United States v. Garvey*, Criminal No. 2010-009, 2013 U.S. Dist. LEXIS 83265, at *49 (D.V.I. June 13, 2013) (citing *Callwood v. Enos*, 230 F.3d 627, 631 (3d Cir. 2000)). Thus, if the territorial offenses alleged in the Indictment in this case are "of the same or similar character . . . or based on the same act or transaction" as any of the federal offenses, then this Court would have jurisdiction over those territorial offenses.

Dangleben initially filed the instant motion seeking to dismiss Counts Seven-Thirteen for lack of jurisdiction premised on the Court granting his dismissal and severance motions which would result in the dismissal of all federal counts. However, events that have transpired since Dangleben filed his motion have largely mooted his requested relief. First, the United States filed a Superseding Indictment on April 16, 2025, which now includes a federal predicate offense for the charge alleged in Count One. Thus, the basis to dismiss Count One for failure to include a federal predicate offense as argued by Dangleben in his motion docketed at ECF No. 84 is no longer viable. Secondly, due to stipulations entered into between the parties, Dangleben withdrew his motion to sever Count Six. Thus, Count Six, which alleges a violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D), is no longer subject to being severed.

In light of the procedural posture of this case and based on a review of the Superseding Indictment, the Court finds that it clearly has jurisdiction over the territorial offenses. Counts Seven through Nine allege that Dangleben murdered and assaulted Detective Phipps on July 4, 2023. Counts Ten throughTwelve allege that Dangleben attempted to murder and/or assaulted Officer Skeete on July 4, 2023. Count Thirteen alleges that Dangleben wore body armor during the commission of the crimes alleged in Counts Seven through Twelve. The federal offenses contained in Counts One and Six allege that Dangleben used a firearm in furtherance of a drug trafficking crime that resulted in the death of Detective Phipps (Count One), and that Dangelben received a firearm while under indictment for a crime punishable by more than one-year imprisonment (Count Six). The Superseding Indictment alleges that Dangleben committed these aforementioned crimes against two different individuals on the same date while in possession of various firearms. Because, at a

minimum, the territorial offenses as alleged in Counts Seven-Thirteen "are of the same or similar character" or are based on "the same act or transaction" as alleged in Count One and/or Count Six, the Court has concurrent jurisdiction over all of the territorial offenses.

Moreover, even if the federal offenses were dismissed or severed, that would not affect the Court having concurrent jurisdiction over the territorial offenses under Section 1612(c). As stated by Third Circuit Court of Appeals in *United States v. Gillette*, 738 F.3d 63 (3d Cir. 2013):

> Section 1612(c), however, does not condition the exercise of concurrent jurisdiction over local charges on whether the related federal offenses are proven. Indeed, unlike the grant of concurrent jurisdiction to the United States District Court for the District of Columbia in criminal cases, *see* D.C. Code §11-502(3), or the civil supplemental jurisdiction statute, 28 U.S.C. §1367, *section 1612(c) does not even require that a sufficiently related federal offense be included in the indictment in order for the District Court to exercise jurisdiction over the local charges. Instead, all that is required is that there be a sufficient nexus between the local charges and "an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction*. . . . *"* 48 U.S.C. § 1612(c).

*Id.* at 71-72 (emphasis added). Thus, consistent with the teachings of *Gillette*, the United States was not required to include the federal offenses to charge and prosecute Dangleben with the local charges in the District Court of the Virgin Islands. "All that is required is that there be a sufficient nexus between the local charges and 'an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction.'" *Id*. Because the Court concludes that there is a sufficient nexus between the local charges and the federal charges in this case, the Court has jurisdiction over the local charges. Accordingly, the dismissal or severance of the federal charges would be of no legal consequence.

## III. CONCLUSION

For the reasons stated above, Defendant Richardson Dangleben, Jr.'s Motion to Dismiss Counts 7-13 for Lack of Jurisdiction, ECF No. 80, is **DENIED.**

**Dated:** August 20, 2025

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**