**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0072 |
| ) | |
| **RICHARDSON DANGLEBEN, Jr.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**ADAM F. SLEEPER, ESQ.,** ACTING UNITED STATES ATTORNEY
**KYLE PAYNE, ESQ.**, ASSISTANT UNITED STATES ATTORNEY
**MICHAEL CONLEY, ESQ.,** ASSISTANT UNITED STATES ATTORNEY
**NATASHA BAKER, ESQ.**, ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR THE UNITED STATES OF AMERICA*,

**MATTHEW CAMPBELL, ESQ.**
FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS

**ALLISON FERBER MILLER, ESQ.**
LAW OFFICE OF ALLISON FERBER MILLER
ARLINGTON, VA
    *FOR DEFENDANT RICHARDSON DANGLEBEN, JR.*

**MEMORANDUM OPINION**

**Robert A. Molloy,** *Chief Judge*

**BEFORE THE COURT** is Defendant Richardson Dangleben, Jr.'s ("Dangleben") Motion to Dismiss Counts One, Two, and Three for Failure to State an Offense, filed on October 31, 2024. (ECF No. 84.) Dangleben moved for a dismissal of these 18 U.S.C. § 924(c) counts arguing that, because the Indictment alleges only local Virgin Islands predicate offenses, they

fail to state a federal crime. The United States filed a response on December 30, 2024, opposing the motion. (ECF No. 97.) Dangleben filed a reply on June 19, 2025. (ECF No. 173.)

Prior to this matter being fully briefed, the United States filed a Superseding Indictment on April 16, 2025, ECF No. 152, which included a federal predicate offense as to Count One, but not as to Counts Two nor Three. For the reasons stated below, the Court will deny the motion as to Count One, but will grant the motion as to Counts Two and Three.

## I. BACKGROUND

The parties are intimately familiar with the facts and procedural background of this case. Thus, the Court will recite only the background necessary for disposition of this motion.

On October 13, 2023, a grand jury returned a thirteen-count Indictment charging Dangleben with multiple violations of federal and territorial offenses based on events that occurred on July 4, 2023. The charges pertinent to this motion are Counts One, Two, and Three. Count One charges Defendant with Use of a Firearm During a Crime of Violence Resulting in Death, in violation of 18 U.S.C. § 924(j)(1). Counts Two and Three charge Defendant with Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Section 924(c)"). The initial indictment tied each of these three counts to several underlying Virgin Islands predicate crimes of violence supporting the Section 924(c) charges. Counts One and Two of the original Indictment alleges the following Virgin Islands predicate offenses: (1) First Degree Murder in violation of 14 V.I.C. §§ 921 and 922(a)(3); (2) First Degree Assault in violation of 14 V.I.C § 295(1); and Third Degree Assault under 14 V.I.C § 297(a)(2). Count Three alleges the Virgin Islands predicate offenses of: (1) Attempted First Degree Murder in violation of 14 V.I.C. §§ 331(1), 921 and 922(a)(3); (2)

First Degree Assault in violation of 14 V.I.C § 295(1); and Third Degree Assault under 14 V.I.C § 297(a)(2).

On October 31, 2024, Defendant filed the instant motion to dismiss arguing that Counts One through Three fail to state an offense because none of those counts allege a federal predicate offense. On April 16, 2025, however, the United States filed a Superseding Indictment alleging the same 13 counts and amending the initial Indictment in two significant ways. First, the Superseding Indictment added a federal predicate offense to Count One, namely, Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1). Second, the Superseding Indictment includes a section regarding special findings pursuant to 18 U.S.C. §§ 3591 and 3592 which are necessary components if the United States were to seek the penalty of death. Subsequently, the United States filed a notice on May 21, 2025, indicating its intent to seek the death penalty against Dangleben. ECF No. 159.[1]

## II. LEGAL STANDARD

Federal Rules of Criminal Procedure Rule 12(b)(3)(B)(v) allows a defendant to move for dismissal of counts alleged in an indictment for failure to state on offense. To state an offense, an indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(c)(1) also requires that for each count the indictment must state "the official or customary citation of

---

[1] On August 18, 2025, the Court issued an Order granting the Defendant's motion to strike the United States' notice of its intent to seek the death penalty. (ECF No. 213.) The Court issued a Memorandum Opinion on September 15, 2025, explaining its reasons. (ECF No. 223.) The United States filed a notice on September 15, 2025, seeking to appeal the Order. (ECF No. 220.) As of the issuance of this Memorandum Opinion, whether the United States can seek the death penalty against Dangleben is pending before the Third Circuit.

the statute, rule, regulations, or other provision of law that the defendant is alleged to have violated."

In order to survive a motion to dismiss for failure to state an offense, Third Circuit case law instructs that the indictment must contain three things. First, it must contain the elements of the offense intended to be charged. *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017). Second, it must sufficiently apprise the defendant of what he must be prepared to meet at trial. *Id.* Third, the indictment must allow the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. *Id.; see also United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (stating that an indictment is generally sufficient if it "informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred.") Conversely, "if an indictment fails to charge an essential element of the crime, it fails to state an offense." *Huet*, 665 F.3d at 595 (citing *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979)).

### III. DISCUSSION

The issue before the Court is whether local Virgin Islands offenses can serve as predicate offenses under Section 924(c). Defendant argues that Section 924(c) is ambiguous and must be interpreted to require the United States to allege and proceed to trial only with federal predicate offenses as the "crime of violence." The United States counters that the statute is unambiguous and, because local Virgin Islands crimes can be prosecuted in the District Court of the Virgin Islands, they are qualifying predicate offenses for purposes of the statute. ECF No. 97 at 3-6.

*United States v. Dangleben, Jr.*
Case No. 3:23-cr-0072
Memorandum Opinion
Page 5 of 15

The Court must note that, in light of the Superseding Indictment adding a federal predicate offense to Count One, this count is no longer subject to dismissal. However, the issue remains as to whether the United States can proceed to trial on Count One with both the federal *and* Virgin Islands predicate offenses. Counts Two and Three do not include any federal predicate offenses. Therefore, these two counts are subject to dismissal. Thus, the following is an analysis as to whether the local Virgin Islands predicate offenses as alleged in Counts One through Three should be stricken from the Superseding Indictment.

### A. Section 924 is Not Ambiguous

It is axiomatic that when interpretating a statute, the Court must start by reviewing the language of the statute. "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. . . . When the words of a statute are unambiguous then, the first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted). The Court, therefore, must apply the plain meaning of a statute unless the statute is ambiguous or applying the unambiguous plain meaning would yield an absurd result. *Hartford Underwriters Ins. Co. v. Union Planters Bank Nat'l Ass'n*, 530 U.S. 1, 6 (2000). "The plainness or ambiguity of the statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (citations omitted).

The Court's analysis starts with the plain language of 18 U.S.C. §§ 924(c)(1)(A) and (j). Section 924(c)(1)(A) provides that "any person who, *during and in relation to any crime of violence or drug trafficking crime* . . . for which the person may be prosecuted in a court of

*United States v. Dangleben, Jr.*
Case No. 3:23-cr-0072
Memorandum Opinion
Page 6 of 15

the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be sentenced to a term of years. (Emphasis added).[2] Section 924(j)(1) states that "a person who, in the course of violating section 924(c), causes the death of a person through the use of a firearm and the killing is murder . . . , shall be punished by death or by imprisonment for any term of years or for life."[3] Count One charges Dangleben with the use of a firearm during a crime of violence resulting in death in violation of 18 U.S.C. § 924(j)(1). Counts Two and Three charge Dangleben with discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Because subsection 924(j) of the statute incorporates subsection 924(c), the analysis for all three counts is the same.

---

[2] Section 924(c)(1)(A) provides, in full:

> (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, *during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added).

[3] Section 924(j)(1) provides, in relevant part:

> **(j)** A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
>
> **(1)** if the killing is a murder (as defined in section 1111 [18 USCS § 1111]), be punished by death or by imprisonment for any term of years or for life;

The plain language of the statute allows the United States to prosecute a violation of Section 924(c) in a "court of the United States" with the appropriate use of a firearm during and in relation to any crime of violence or drug trafficking crime. The terms "drug trafficking crime" and "crime of violence" are defined in Sections 924(c)(2) and (3), respectively.

A "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 [46 USCS §§ 70501 et seq.]" of the Maritime Drug Law Enforcement Act. *Id.* at § 924(c)(2) (internal brackets and parenthesis in original). The term "crime of violence" means "*an offense that is a felony* and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at § 924(c)(3) (emphasis added). Dangleben argues that the felony offense referenced in subsection 924(c)(3) must be interpreted to mean a federal felony offense for which a person can be prosecuted in a court of the United States. The United States, on the other hand, argues that the felony offense need only be "an" offense that can be prosecuted in a "court of the United States" whether federal or local. And, as the United States argues, since the District Court of the Virgin Islands is considered a "court of the United States" and that local felony Virgin Islands offenses can be prosecuted in this Court, local Virgin Islands felony offenses can serve as predicate offenses under Section 924(c).

The United States is correct that, notwithstanding that the District Court of the Virgin Islands is not an Article III court,[4] it is considered a "court of the United States" for purposes of Title 18. *See* 18 U.S.C. § 23 ("As used in [Title 18], except where otherwise expressly provided[,] the term 'court of the United States' includes the District Court of Guam, the District Court of the Northern Mariana Islands, and the District Court of the Virgin Islands."). The United States also is correct that the District Court of the Virgin Islands has concurrent jurisdiction over local Virgin Islands offenses if those offenses arise out of the same transaction as a federal offense. *See* 48 U.S.C. § 1612(c)[5]; *United States v. Dangleben*, Case No. 3:23-cr-0072, 2025 U.S. Distr. LEXIS 161625, at *4 (D.V.I. Aug. 20, 2025 ("The plain language of section 1612(c) allows this Court to exercise supplemental jurisdictions concurrently [with courts of the Virgin Islands] over those territorial offenses that grow out of conduct that also offends federal criminal law.") (internal quotations omitted) (brackets in original))). Thus, reading these federal statutes together, it would appear that, in the context of the allegations in this case, the plain and unambiguous language of Section 924(c), and

---

[4] *See United States v. Gillette*, 738 F.3d 63, 70 (3d Cir. 2013) ("The District Court of the Virgin Islands derives its jurisdiction from Article IV, § 3 of the United States Constitution, which authorized Congress to regulate the territories of the United States. *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 622-23 (3d Cir. 2000). This distinguishes it from other federal courts, whose jurisdiction is grounded in Article III.")

[5] Title 48, Section 1612(c) of the United States Code states:

> **(c) Criminal offenses; concurrent jurisdiction with local courts.** The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section.

incorporating Section 1612(c), would allow Virgin Islands felony offenses to serve as predicate offenses in cases prosecuted in the District Court of the Virgin Islands.[6] *But see United States v. Brown*, 58 F. Supp. 3d 115 (D.D.C. 2014)[7] (opining that, notwithstanding that D.C. code offenses can be prosecuted in the District Court of the District of Columbia, D.C. Code offenses cannot serve as predicate offenses under Section 924(c)). However, the analysis does not end here.

---

[6] During oral argument, the defense argued that the phrase "in a court of the United States" in Section 924(c) should be interpreted to mean "in every court of the United States." And thus, notwithstanding that Virgin Islands offenses can be brought in the District Court of the Virgin Islands, the defense argues that because these predicate offenses cannot be brought in "every" other district court, e.g. the Eastern District of Pennsylvania or the District of Delaware, the Court should find that language in Section 924(c) ambiguous. The Court finds this argument unpersuasive because in interpreting a statute, it must do so in the context in which the language is being used. *See Hartford Underwriters Ins. Co.,* 530 U.S. at 6. In this matter, Dangleben is being prosecuted in the District Court of the Virgin Islands which has jurisdiction over the local Virgin Islands offenses alleged in this case. *See United States v. Dangleben*, Case No. 3:23-cr-0072, 2025 U.S. Dist. LEXIS 161625, *5-8 (D.V.I. Aug.20, 2025) (holding that the Court has jurisdiction over the local territorial charges because there is a sufficient nexus between the local charges and the federal charges in this case.) Thus, in the context of this case, the Court does not find the language in Section 924(c) to be ambiguous.

[7] Defendant relies on the United States District Court for the District of Columbia case in *United States v. Brown*, 58 F. Supp. 3d 115 (D.D.C. 2014), where the court found the language pertaining to Section 924(c) ambiguous. ECF No. 84 at 5-8. There, confronted with a similar situation where "D.C. Code offenses which, by operation of a jurisdictional statute unique to the District of Columbia, can be brought in this federal district court (under certain conditions)," *id*. at 118-19, the court declared, "notwithstanding the District of Columbia's unique federal character, I find Congress did not intend to reach these acts and, moreover, it would be manifestly unfair to do so." *Id*. at 122. However, at the outset, before recounting the legislative history of the statute, including the drafter's intentions regarding the statute, and then reviewing the caselaw interpreting and applying the statute, the *Brown* court found the language of the statute ambiguous. *See id*. at 121. The *Brown* court found the language in Section 924(c) ambiguous susceptible to being read in one of two ways opining:

> For in the final analysis, there are two plausible ways to read the phrase "may be prosecuted in a court of the United" as regards a predicate crime of violence. Taken most literally (and broadly), the phrase could encompass any crime of violence that may—i.e., can possibly—be prosecuted in a federal district court, which might include, as here, nonfederal crimes that can be brought in federal court only by operation of some other statute. On the other hand, the language could be read more narrowly (and perhaps more naturally) as simply meaning federal offenses—i.e., only crimes of violence that themselves may be prosecuted in federal district court directly because such court has original jurisdiction over them, a universe limited to federal, U.S. Code offense. *See* 18 U.S. § § 3231. Accordingly, my inquiry does not end with the plain text of § 924(c), and I must look at the legislative history.

The Court finds this reasoning unpersuasive because it requires the insertion of the word "federal" to modify the word "offense" in defining the term "crime of violence." This significantly modifies the plain language of the statute.

*United States v. Dangleben, Jr.*
Case No. 3:23-cr-0072
Memorandum Opinion
Page 10 of 15

### B. *Applying the Plain Meaning of Section 924(c) Would Lead to an Absurd Result*

Although the plain language of Section 924(c) seemingly allows for local Virgin Islands offenses to serve as predicate offenses, the Court does not have to apply the plain meaning rule if it would "lead to a patently absurd result that no rational legislature could have intended." *Barrios v. Att'y Gen.*, 399 F.3d 272 (3d Cir. 2005); *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 187 n.33 (1978) (opining that a court may depart from the plain meaning where application of a statute would render inconsistencies or unreasonable outcomes that amounts to an absurdity); *Public Citizen v. Department of Justice*, 491 U.S. 440, 470 (1989) (Kennedy J., concurring) (noting that absurd result allows judiciary to avoid applying the statute's plain meaning). Dangleben argues that even if the plain language of the statute can be read to allow local offenses to serve as predicate offenses under Section 924(c), such an interpretation would lead to the absurd result of Virgin Islands defendants being able to be prosecuted under a version of a federal offense not available in any other federal court. Consequently, Virgin Islands defendants would be subjected to harsher punishment under a version of Section 924(c) that could not be applied anywhere else in the United States. The Court agrees.

The punishment the United States seeks in this case highlights Dangelben's argument. The United States is seeking the death penalty against Dangleben pursuant to Section 924(j)(1). This punishment is premised on the United States successfully obtaining a conviction on the Section 924(c) offense alleged in Count One. As mentioned above, this Count alleges one federal predicate offense and three Virgin Islands predicate offenses. Thus,

according to the United States' theory, a conviction on any one of the predicate offenses would subject Dangleben to the penalty of death.

The Virgin Islands is a non-death penalty jurisdiction. The death penalty has been abolished in the Virgin Islands since 1957. *See People of the Virgin Islands v. Velasquez*, 60 V.I. 22, 36-37 (Super. Ct. 2014) (providing a brief legislative history of the abolishment of the death penalty in the Virgin Islands and stating, "Presently . . . there are no capital offenses under local law in this jurisdiction."); s*ee also Martinez v. Gov't of the Virgin Islands*, Case No. SX-13-CV-0394, 2016 V.I. LEXIS 201, at *9 (Super. Ct. Dec. 12, 2016) ("As there exists no penalty of death in this jurisdiction, life imprisonment without possibility of parole stands as the sentence of ultimate severity in courts of the Virgin Islands."). Of course, the federal government can seek the death penalty in federal court in any jurisdiction regardless as to whether that jurisdiction allows for this penalty under its local laws. Here, the United States is seeking the penalty of death pursuant to Count One. It would seem somewhat nonsensical, oxymoronic, and certainly inconsistent, that a Virgin Islands defendant could be subject to the death penalty in federal court for committing a Virgin Islands crime when the laws of the Virgin Islands do not allow for the penalty of death. Stated another way is that a Virgin Islands defendant could be subject to the death penalty in federal court for violating a version of a federal statute with predicate offenses passed by the Virgin Islands Legislature and not by an act of Congress. There is no indication that this is what Congress intended.

As stated by District Court for the District of Columbia in a similar context:

> [W]hile it is one thing for a defendant in this District to incidentally face stiffer sentences as a result of joinder rules, it is quite another for him to face a severe mandatory minimum sentence—up to an including life in prison—as a result of the Government electing to bring federal charges here that it could not bring

in any of the fifty states. Indeed, to permit the Government to bring the challenged § 924(c) charges, predicted on D.C. Code offenses, would unfairly distinguish prosecutions of § 924(c) in this Court from those in all other federal district courts. My review of the legislative history convinces me that Congress did not intend such a sentencing oddity, but even if any ambiguity remained, I should be resolved in favor of the [defendant] under the rule of lenity."

*Brown*, 58 F. Supp. 3d at 132 (citation omitted). The United States has not provided anything that would support a finding that Congress intended this sentencing oddity of allowing defendants in the District Court of the Virgin Islands to be prosecuted under a version of Section 924(c) that could not be brought anywhere else in the United States to be subject to the death penalty.

Moreover, the policy reasons behind the enactment of Sections 924(c) and 1612(c) supports a finding of legal absurdity and disregarding the plain language. *See Disabled in Action v. Southeastern Penn. Transp. Auth.,* 539 F.3d 199, 210 (3d Cir. 2008) ("We also consider the overall 'object and policy' of the statute . . . and avoid constructions that produce 'odd' or 'absurd results' or that are 'inconsistent with common sense.'") (citing *Public Citizen v. United States Dept. of Justice*, 491 U.S. 440, 454 (1989) and *United States v. Schneider*, 14 F.3d 876, 879 (3d Cir. 1994) (internal quotations omitted))). Undoubtedly, Congress passed Section 924(c) "to prevent the carrying and use of firearms in the commission of *federal* felonies." *United States v. Eagle*, 539 F.2d 1166, 1171 (8th Cir 1976) (emphasis added); *United States v. Brown*, 58 F. Supp. 3d 115, 122-126 (D.D.C. 2014) (providing a detailed history on the enactment of Section 924(c) and noting that "Congressman Poff stated that his amendment 'makes it a separate Federal crime to use a firearm in the commission of *another Federal crime.*' 114 Cong. Rec. 22231 . . . and he explained that the purpose of attaching a

mandatory minimum sentence is 'to persuade the man who is tempted to commit a *Federal* felony to leave his gun at home . . . .'") (emphasis in the original)); *United States v. Diaz*, 592 F.3d 467, 473-74 (3d Cir. 2011) (citing passage from *United States v. Lindsay*, 985 F.2d 666, 676 (2d Cir. 1993) recognizing the purpose of Section 924(c) and quoting from the Congressional Record). Section 1612(c), on the other hand, is a passage from the Revised Organic Act of 1954,[8] providing the District Court of the Virgin Islands with concurrent jurisdiction with the local courts of the Virgin Islands over Virgin Islands offenses. As observed by the Third Circuit, "[o]ne of the explicit purposes in creating the concurrent jurisdiction statute was 'to obviate the need for trying in different courts aspects of the same offenses or closely related offenses.'" *Gillette*, 738 F.3d at 71 (providing a brief history of the enactment of Section 1612(c) (citation omitted)). Congress passed Section 1612(c) for a purpose wholly unrelated to anything having to do with Section 924(c). There is no indication that Congress enacted Section 1612(c) for the purpose of allowing local Virgin Islands offenses to serve as predicate offenses under Section 924(c).

## IV. CONCLUSION

A "'basic tenet of statutory construction [is] . . . that courts should interpret a law to avoid absurd or bizarre results.' . . . An absurd interpretation is one that 'defies rationality or renders the statute nonsensical and superfluous.'" *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (citations omitted). To read Section 924(c) as allowing

---

[8] The "Revised Organic Act serves as the *de facto* constitution of the Virgin Islands . . . ." *Bryan v. Fawkes*, 61 V.I. 201, 232 (2014) (citations omitted); *Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993) ("The Organic Act is the Virgin Islands' equivalent of a constitution . . . ." (citations omitted)) *Gov't of the Virgin Islands v. Bryan*, 818 F.2d 1069, 1072 (3d Cir. 1987) ("With the passage of the Revised Organic Act, Congress intended to grant 'a greater degree of autonomy, economic as well as political, to the people of the Virgin Islands.'" (citation omitted)).

*United States v. Dangleben, Jr.*
Case No. 3:23-cr-0072
Memorandum Opinion
Page 14 of 15

local Virgin Islands crimes—conduct made criminal by the Virgin Islands Legislature—to be included as crimes "for which the person may be prosecuted in a court of the United States" merely because of the anomaly in the jurisdiction of the District Court of the Virgin Islands would produce absurd or bizarre results, allowing persons in the Virgin Islands to be subject to enhanced punishments not applicable in any other federal jurisdiction or even in the Virgin Islands territorial courts. There is simply no basis in the record to single out Virgin Islands defendants in this manner. The Court finds such a result to be irrational and absurd.

While the Court finds that the plain language of Section 924(c) seemingly allows for a local Virgin Islands offense to serve as a predicate offense in a Section 924(c) prosecution, "[i]t is the obligation of the court to construe a statute to avoid absurd results, if alternative interpretations are available and consistent with the legislative purpose." *United States v. Schneider*, 14 F.3d 876, 880 (3d Cir. 1994) (citations omitted). The absurd result of subjecting Virgin Islands defendants to harsher punishments—including the ultimate punishment of death—under a version of Section 924(c) that cannot be prosecuted in any other district court of the United States is inconsistent with the legislative purposes of both Section 924(c) and Section 1612(c). As stated by the Third Circuit: "[A] blind adherence to the literal meaning of a statute [could] lead to a patently absurd result that no rational legislature could have intended. Following the letter, rather than the spirit, of the law in such cases would go against the court's role of construing statutes to effectuate the legislature's intent." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 569 (3d Cir. 2002) (citation omitted). If Congress intended for Virgin Islands offenses to serve as predicate crimes of violence under Section 924(c) and

therefore subject Virgin Islands defendants to the death penalty, it surely would have said so in unequivocal terms.

Accordingly, for the reasons stated above, the Court concludes that Virgin Islands offenses cannot support a charge under Section 924(c), and, therefore, those predicate offenses will be stricken from the Superseding Indictment. This decision necessarily requires the dismissal of Counts Two and Three because those counts do not properly allege a federal offense. Consequently, the Court will dismiss those counts. The United States will be allowed to proceed with the federal predicate offense alleged in Count One. Thus, Count One remains a viable offense and will not be dismissed. An appropriate order follows.

**Dated:** September 25, 2025		*/s/ Robert A. Molloy*
				**ROBERT A. MOLLOY**
				**Chief Judge**